UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES f/u/b/o GILBANE
FEDERAL COMPANY (f/k/a
INNOVATIVE TECHNICAL SOLUTIONS,
INC.) and GILBANE FEDERAL
COMPANY (f/k/a INNOVATIVE
TECHNICAL SOLUTIONS, INC.),

    Plaintiffs,

v.        Case No: 6:15-cv-331-Orl-41TBS

BERKLEY REGIONAL INSURNACE
COMPANY,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Defendant's Motion for Stay of Discovery Pending Court's ruling on Defendant's Motion to Dismiss (Doc. 28). Plaintiffs have filed a response in opposition to the motion (Doc. 29).

Plaintiffs filed this lawsuit to recover against a payment and performance bond issued by Defendant pursuant to the Miller Act, 40 U.S.C. § 3131 *et seq.*, and on a theory of unjust enrichment (Doc. 1). On April 2, 2015, Defendant filed a motion to dismiss the lawsuit on the grounds that Plaintiffs' claims are time-barred and Plaintiffs have failed to state a claim for which relief can be granted (Doc. 10). Briefing of the motion to dismiss was completed on May 13, 2015 (Docs. 17, 26). Plaintiffs have served interrogatories, requests for production and requests for admissions on Defendant and have given notice that they want to take a deposition in the next few months (Doc. 28, ¶¶ 5-6). Defendant is asking the Court to stay all discovery until it rules on the motion to dismiss.

District courts have inherent power to control their dockets and manage their cases. The Andersons, Inc. v. Enviro Granulation, LLC, Case No. 8:13-cv-3004-T-33MAP, 2014 WL 4059886 at * 2 (M.D.Fla. Aug. 14, 2014). This includes the discretionary power to enter a stay of the proceedings. Id. The decision whether to enter a stay requires a weighing of the parties' competing interests and the maintenance of an even balance in the case. Landis v. North American Co., 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936); AXA Equitable Life Ins. Co. v. Infinity Financial Group, LLC, Case No. 08-80611-CV, 2012 WL 602709 at * 2 (S.D.Fla. Feb. 23, 2012).

Motions to stay discovery "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D.Fla. 1997) (citing Kron Medical Corp. v. Groth, 119 F.R.D. 636 (M.D.N.C. 1988)). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." Holsapple v. Strong Industries, Inc., No. 2:12-cv-355-UA-SPC, 2012 WL 3946792 at *1 (M.D.Fla. Sept. 10, 2012) (quoting Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550 (11th Cir. 1985)). The party moving for a stay of discovery has "the burden of showing good cause and reasonableness." Feldman, 176 F.R.D. at 652 (citing Howard v. Galesi, 652 F.R.D. 348 (S.D.N.Y. 1985)).

Defendant's argument relies upon the Eleventh Circuit's statement in Chudasama v. Mazda Motor Corporation, 123 F.3d 1353 (11th Cir. 1997), that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to

- 2 -

state a claim for relief, should … be resolved before discovery begins." Id. at 1367. Defendant's reliance on the decision in Chudasama is misplaced. First, the case is distinguishable on its facts. In Chudasama, the district court failed for more than a year and a half to rule on a motion to dismiss. It also failed, repeatedly, to rule on the defendant's objections to abusive discovery propounded by plaintiffs. Id. at 1356-60. Eventually, the district court entered orders compelling discovery and sanctioning defendant. Id. at 1364. On appeal, the Eleventh Circuit vacated the district court's orders and directed that the case be reassigned to a different judge. Id. at 1374. Here, Defendant does not allege that any of the discovery propounded by Plaintiff is overreaching or otherwise objectionable, and this Court has not shirked or delayed the discharge of its responsibilities.

Second, Defendant misinterprets the holding in Chudasama. As the Eleventh Circuit explained in a subsequent discussion of Chudasama "we only found an abuse of discretion there because the district court ordered the parties to engage in substantive discovery despite failing to rule on the defendants' motion to dismiss for over eighteen months." Zow v. Regions Financial Corp., 595 Fed. Appx. 887, 889 (11th Cir. 2014)[1] As other courts have explained, "Chudasama and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'" Houston v. 7-Eleven, Inc., No. 2:14-cv-441-FtM-29CM, 2015 WL 412523 at *1 (M.D.Fla. Jan. 30, 2015); Southern Motors Chevrolet, Inc. v. General Motors, No. CV414-152, 2014 WL 5644089 at *1 (S.D.Ga. Nov. 4, 2014); Latell v. Triano, No. 2:13-cv-FtM-29CM, 2014 WL 5822663 at *1 (M.D.Fla. Feb. 28,

---

[1] Zow is an unpublished opinion. Although it is not considered binding precedent, it may be cited as persuasive authority. 11th Cir. R. 36-2.

2014); Holsapple v. Strong Industries, Inc., No. 2:12-cv-FtM-355-UA-SPC, 2012 WL 3946792 (M.D.Fla. Sept. 10, 2012); Gannon v. Flood, No. 08-60059-CIV, 2008 WL 793682 at *1 (S.D.Fla. Mar. 24, 2008).

In balancing the harm produced by a stay of discovery against the possibility that the motion to dismiss will be granted, the Court should take a preliminary peek at the merits of the motion to dismiss to see whether there is "an immediate and clear possibility that the motion[] to dismiss will be granted and that this will terminate the action." Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988). The Court has reviewed Defendant's motion to dismiss and Plaintiff's response and is not convinced that the motion to dismiss is truly case dispositive. As Defendant states in its motion "[e]ach case must be judged on its own facts." (Doc. 10 at 6). Here, the fact finder must decide whether Plaintiff performed work and supplied materials under the original contract (as opposed to minor repairs), within one year before suit was filed. The case may also turn in part on the legal effect of the prime contractor's bankruptcy filing, and dealings between Plaintiff and the United States Air Force. The Court is not persuaded that these matters are sufficiently pled in the complaint to warrant a dispositive ruling on the motion to dismiss. The Court is also not persuaded that a stay of discovery will do more good than harm. Accordingly, the motion for stay is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on May 21, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record